DIDO, The (HOPE v.). See Case No. 6,679.

DIDO, The (TRASK v.). See Case No. 14,142.

---

## Case No. 3,901.
### DIEDMAN v. The JOSEPH HUME.
[N. Y. Times, Aug. 15, 1862.]
District Court, S. D. New York. 1862.

SHIPPING—PART OWNERS—RIGHT OF POSSESSION.

[The owner of three-fourths of a foreign vessel may recover possession against the alien master, who owns the other one-fourth, although the accounts of the voyage are still unsettled, and the vessel has merely stopped in an American port on the way to her home port.]

[Libel by William K. Diedman against the brigantine Joseph Hume (Henry Kenely, claimant), for possession.]

Beebe, Dean & Donohue, for libelant.
Charles Edwards, for master.

Before SHIPMAN, District Judge.

This was an action for the possession of the brigantine Joseph Hume, an English vessel. The libel alleged that the libelant was owner of three-fourths of the vessel, and the defendant, Henry Kenely, owner of one-fourth, and master; that the vessel had recently arrived in this port incumbered with a bottomry bond for some $5,500; that the master brought with him the sum of $1,000 in gold, which fact he had concealed from the libelant; that this money must have been part of the earnings of the ship, or from the bottomry; that the master had rendered incorrect accounts, and refused to deliver up the vessel, although demanded. The answer admitted that the libelant was owner of three-fourths of the vessel, but set up that the vessel was a British vessel and the master an alien and British subject; that the majority owner had no right to the possession of the vessel while in a foreign port, and while the accounts of the voyage were still unsettled. The answer also denied making any false accounts, and set forth in detail certain transactions and personal ventures of

the master. which it was claimed would account for the $1.000. It was also alleged that the vessel was bound to her home port, and in bond to proceed at once to her destination and there deliver her. The cause was heard upon the pleadings alone, and a decree of possession rendered in favor of the libelant, with costs.